OPINION
{¶ 1} On July 17, 1997, appellant, Bruce Phillips, was injured in a motor vehicle accident caused by the negligence of another. At the time of the accident, appellant was employed with Gradall Company, insured under a commercial general liability policy issued by appellee, Acceptance Indemnity Insurance Company.
 {¶ 2} On February 8, 2001, appellant filed a complaint against appellee for uninsured/underinsured motorists benefits. The parties filed motions for summary judgment. By judgment entry filed March 28, 2003, the trial court granted appellee's motion, finding appellant was not entitled to coverage under the commercial general liability policy.
 {¶ 3} Appellant filed an appeal and this matter is now before the court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred to the prejudice of the plaintiff-appellant, Bruce Phillips, by entering summary judgment in favor of defendant-appellee, acceptance Indemnity Insurance Company."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 6} Appellant argues the trial court erred in finding the commercial general liability policy was not a motor vehicle policy. The pertinent parts of the policy specifically exclude motor vehicle coverage as follows:
 {¶ 7} "This policy does not apply:
 {¶ 8} " * * *
 {¶ 9} "(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by, or rented or loaned to, any Insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any Insured;
 {¶ 10} "(c) to bodily injury or property damage arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity, or (2) the operation or use of any snowmobile or trailer designed for use therewith;
 {¶ 11} "(d) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by, or rented or loaned to, any Insured;
 {¶ 12} "(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any watercraft owned or operated by, or rented or loaned to, any Insured, or (2) any other watercraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the Named Insured;" See, Exclusions of the Policy, attached to Appellant's Brief as Exhibit 2.
 {¶ 13} We have previously addressed the issue of ancillary vehicle coverage under a commercial general liability policy, and have found such language does not rise to the level of a motor vehicle policy under R.C. 3927.18.[1] See, Heidt v. Federal Insurance Company, Stark App. No. 2002CA00314, 2003-Ohio-1785; Jordan v. Travelers Property CasualtyInsurance Co., Stark App. No. 2002CA00248, 2003-Ohio-1309; Dalton v. TheTravelers Insurance Co., Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407, 2001CA00409, 2002-Ohio-7369; Jett v. State Automobile MutualInsurance Co., Stark App. No. 2002CA00183, 2002-Ohio-7211; Szekeres v.State Farm Fire and Casualty Co., Licking App. No. 02CA00004,2002-Ohio-5989.
 {¶ 14} Appellant also argues within the definition of "Persons or Entities Insured" is language that converts the commercial general liability policy into a motor vehicle policy:
 {¶ 15} "Each of the following is an Insured under this insurance to the extent set forth below:
 {¶ 16} " * * *
 {¶ 17} "(e) with respect to the operation, for the purpose of locomotion upon a public highway, or mobile equipment registered under any motor vehicle registration law, (i) an employee of the Named Insured while operating any such equipment in the course of his employment, and (ii) any other person while operating with the permission of the Named Insured any such equipment registered in the name of the Named Insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization; provided that no person or organization shall be an Insured under this paragraph (e) with respect to: (1) bodily injury to any fellow employee of such person injured in the course of his employment, or (2) property damage to property owned by, rented to, in charge of or occupied by the Named Insured or the employer or any person described in subparagraph (ii);"
 {¶ 18} With respect to this type of policy language in a commercial general liability policy, we have reviewed such language and have found it to relieve the "ambiguity" of Scott-Pontzer v. LibertyMutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292. See, Pughv. Erie Insurance Exchange, Stark App. No. 2002CA00134, 2002-Ohio-5929.
 {¶ 19} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
[1] The policy and accident sub judice were pre-H.B. 261.